PHILLIP SCHWENCK ET AL. *v.* ZACHARIA T. WHIPPLE ET AL.

**Parent and Child—Improvements Made on Step-Child's Property.**
   A step-father who lived in property with his step-child and its mother, can not recover for improvements made and taxes paid on the property by him, where the use of the property by him constitutes a sufficient repayment therefor, and the step-father and the mother were entitled to one-third of it during their life, and the other two-thirds belong to the step-child.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 23, 1874.

OPINION BY JUDGE PETERS:

At the death of Dicklemann, the father of appellee, Mary, much the larger portion of the purchase price of the lot was unpaid. P. Schwenck has since paid it; he has filled up the sink in the lot and made it dry where water stood on it, and has erected buildings on it whereby its annual, as well as its permanent value is greatly enhanced. The testimony tends to show that he loaned to Dicklemann a part, if not all the money with which he built the cottage on the lot, and after he married the widow, which he did within six or eight months after the death of Dicklemann, appellee, Mary, who was then of very tender years, not over three years old, was taken and cared for by her mother and stepfather, and was sent to school, her father leaving nothing but the lot, and not more than

fifty dollars paid on it. It is true after appellee, Mary, arrived at the age of ten or. twelve years, her services were perhaps worth more than her support, nor would appellants be entitled to pay for her maintenance prior to that time; but her stepfather seems to have treated her as his own child; and when she separated from her first husband, she, with her child, was taken home and supported until she married a second time.

As to the claim of appellants for reimbursements for money expended in improvements, these improvements were made voluntarily, under no contract with the heir, who was incapable of contracting, and they were made partly for appellants' own benefit, they being entitled to one-third of it during the life of Mrs. Schwenck; and they were, at least to some extent, remunerated by the enhanced value of the rents. If they insist on the strict enforcement of the statute that the widow shall have a right to remain in the mansion house and curtilage until dower is assigned her, and that too against her daughter, who was of too tender years to comprehend her rights, and for whom she was the natural guardian, and if while enjoying the benefit of the whole estate, under the strict and literal construction of the statute, they pay out money for taxes and other necessary expenditures, the court will not help them to recover them back. They have, in fact, been repaid by the use of the property. Under all the circumstances of this case, the rights of the parties are adjusted on proper principles by the chancellor, and the judgment is therefore affirmed on the original and on the cross-appeal.

*Mundy*, for *appellants*.

*Booth*, for *appellees*.